BUSINESS MEN'S LEAGUE OF HARLEM v. SRAGOW et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

BILLS AND NOTES ⬅60—DELIVERY—AUTHORITY TO FILL IN BLANKS.

The delivery of accommodation note blank as to date, due date, and name of payee, impliedly authorized the one receiving it to fill in such blanks and negotiate it, upon which a third person taking the instrument might rely, and the fact that it was filled in in his presence did not put him on inquiry as to the terms of the authority, so that such note was admissible in such third person's action thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 85–94; Dec. Dig. ⬅60.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Business Men's League of Harlem against Morris B. Sragow, Samuel Sragow, and Hyman Schulman, doing business as the World Pants Company. From a judgment entered after a trial before the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Eugene M. Hawkins, of New York City, for appellant.
I. Gainsburg, of New York City, for respondents.

PENDLETON, J. The action was on a note against the maker and and two indorsers. It appeared that the defendant maker of the note delivered it to one Ratner, with his name on it as maker and the names of the other defendants as indorsers, but with date, due date, and name of payee in blank, and without consideration to either defendants, who were therefore accommodation parties. Ratner gave the note to plaintiff as collateral for a loan of $500. The note was offered in evidence and excluded, apparently on the ground that when delivered to Ratner it was not filled in and there was no authority shown to fill it

in. The court gave judgment for defendants. As the note was not admitted in evidence, this was clearly right and should be affirmed, unless the refusal to admit the note in evidence was error. There was no evidence one way or the other as to the authority to fill in the note, or the terms to be filled in. It is well settled that the delivery of a note or draft in blank carries with it the implied authority to the person to whom it is delivered to fill it in and negotiate it, upon which third persons taking the instrument have a right to rely, and the fact that it is filled in in their presence does not put them on inquiry as to the terms of the authority. Chemung Canan Bank v. Bradner, 44 N. Y. 680; Weyerhauser v. Dun, 100 N. Y. 150, 2 N. E. 274.

The objection to the admission of the note was not well taken, and its exclusion was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.